**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JEREMY M. NOEL**
Monroe County Public Defender
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana



FILED

Mar 20 2012, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN FERGUSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 53A01-1107-CR-292 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Marc R. Kellams, Judge
Cause No. 53C02-1102-FB-118

**March 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Pursuant to a plea agreement, Kevin Ferguson ("Ferguson") pleaded guilty to and was convicted of dealing in methamphetamine,[1] a Class B felony. He appeals his conviction contending that the trial court abused its discretion when it denied his request to withdraw his guilty plea, which alleged mental incompetence at the time of making his plea.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On February 18, 2011, Bloomington Police Department officers were dispatched to investigate a report that guests were refusing to pay for their room at the Country Hearth Inn. After identifying Ferguson in the room at issue, he was arrested on an active warrant. After the police officers discovered methamphetamine residue and equipment used to manufacture the drug in the room, Ferguson was also charged with dealing in methamphetamine.

On May 13, 2011, Ferguson agreed to plead guilty to dealing in methamphetamine. *Appellant's App.* at 13, 22. According to the plea agreement, Ferguson would serve a ten-year sentence with four years of probation. *Id.* Absent the plea agreement, Ferguson could have received a sentence ranging from six to twenty years, with ten years being the advisory sentence. *Tr.* at 10-11. Additionally, another pending cause against Ferguson was dismissed, and the State agreed not to file charges stemming from allegations that Ferguson either threatened a witness or attempted to persuade the witness to commit perjury. *Id.*

Prior to entering his guilty plea, Ferguson confirmed that he had no questions about the terms of the plea agreement and that he had completed and understood the

---

[1] *See* Ind. Code § 35-48-4-1.1.

acknowledgement of rights form. *Id.* at 11-12. The trial court reviewed Ferguson's rights with him again "just to make sure" that he understood. *Id*. at 13. Ferguson confirmed his understanding that he had the right to plead not guilty and have a trial by jury and that, by pleading guilty, he would waive those rights. *Id.* at 13-14. Ferguson also confirmed that he was not under the influence of alcohol or any drugs that might affect his understanding of the proceedings and that he had never been treated for any mental illness or emotional disability. *Id.* at 14. After acknowledging that he understood the nature of the charge as well as the punishment, Ferguson pleaded guilty to dealing in methamphetamine. *Id.* at 15-16. Ferguson stated that he was pleading guilty of his own free will and that no one had induced his plea by coercion or by promises other than those in the plea and sentencing agreement. *Id.* at 16.

To establish the factual basis for the plea, Ferguson admitted manufacturing methamphetamine in the hotel room. *Id.* at 15-17. The court found then that Ferguson freely, knowingly, and voluntarily pleaded guilty to the charge. *Id*. at 17.

Before his sentencing hearing on June 29, 2011, Ferguson sent the trial court several letters asking to withdraw his guilty plea. During the sentencing hearing, Ferguson orally moved to have his guilty plea withdrawn due to mental incompetence at the time that he pleaded guilty. *Id.* at 48. The trial court denied the motion to withdraw, and Ferguson now appeals.

## DISCUSSION AND DECISION

After a guilty plea is entered, but before a sentence is imposed, a defendant may move to withdraw his guilty plea for any fair and just reason unless the State has been substantially

3

prejudiced by its reliance upon the plea. Ind. Code § 35-35-1-4(b); *Brightman v. State,* 758 N.E.2d 41, 44 (Ind. 2001). A motion to withdraw a guilty plea must be in writing and verified and must state facts in support of the relief demanded. Ind. Code § 35-35-1-4(b). When the defendant fails to submit a written, verified motion to withdraw a guilty plea, the issue has been waived. *Carter v. State,* 739 N.E.2d 126, 128 n.3 (Ind. 2000); *Smith v. State,* 593 N.E.2d 1208, 1209 (Ind. Ct. App. 1992), *trans. denied.* However, the trial court shall allow the defendant to withdraw his plea of guilty whenever the defendant proves by a preponderance of the evidence that withdrawal of the plea is necessary to correct a manifest injustice. Ind. Code § 35-35-1-4(b), (e). Absent such a showing, the decision to grant or deny the motion is solely within the trial court's discretion. Ind. Code § 35-35-1-4(b).

We review the trial court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *Id.* On appeal, the trial court's ruling carries a presumption of validity. *Brightman,* 758 N.E.2d at 44. "A trial court abuses its discretion only 'when the failure of the trial court to grant the motion would result in . . . a manifest injustice.'" *Davis v. State,* 770 N.E.2d 319, 326 (Ind. 2002) (quoting *Weatherford v. State,* 697 N.E.2d 32, 34 (Ind. 1998)).

Prior to entering his guilty plea at the change of plea hearing, Ferguson received all the statutorily required advisements from the trial court regarding the proceedings and his rights. *Id.* at 9-21; Ind. Code § 35-35-1-2, -3. Ferguson stated that he understood the terms of his favorable plea agreement, had completed the acknowledgement of rights form, and understood his rights and the consequences of pleading guilty. *Id.* at 11-13. In response to

4

the trial court's questions of whether he was under the influence of alcohol or drugs during the proceedings and whether he had ever undergone any treatment for mental illness or emotional disability, Ferguson replied, "No." *Id.* at 14. Ferguson stated that he understood the nature of the charge as well as the punishment, he was pleading guilty of his own free will, and no one induced his plea by coercion or by promises other than those in the plea and sentencing agreement. *Id.* at 15-16. The factual basis for the plea was established when Ferguson admitted to manufacturing methamphetamine. *Id.* at 15-17.

Ferguson's responses to the trial court's questions during the change of plea hearing showed that Ferguson understood the proceedings and freely, knowingly, and voluntarily entered his guilty plea. Ferguson has failed to show that the withdrawal of his guilty plea was necessary to correct a manifest injustice. Accordingly, we conclude that the trial court did not abuse its discretion by denying Ferguson's motion to withdraw his guilty plea.

Affirmed.

BARNES, J., and BRADFORD, J., concur.